**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

AUG 3 1 2022

TAMMY H. DOWNS, CLERK

By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JANET LAUER**                                                                **PLAINTIFF**

**vs.**                                    CASE NO. 4:22-CV- *777-KGB*

**PETIT JEAN ELECTRIC COOPERATIVE**                     **DEFENDANTS**
**CORPORATION & MICHAEL KIRKLAND**

## COMPLAINT

COMES NOW Plaintiff, Janet Lauer ("Lauer"), by and through her attorneys, Charles Darwin "Skip" Davidson, Nickolas W. Dunn, and the Davidson Law Firm, and for her Complaint, states as follows:

### I. PRELIMINARY STATEMENTS

1.      Plaintiff brings this action pursuant to the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621, *et seq.*) ("ADEA") for back pay, liquidated damages, costs, and attorney's fees as a result of the negative employment action taken against her in violation of the ADEA.

2.      Plaintiff also brings this action pursuant to Arkansas law, for the tort of outrage, otherwise known as intentional infliction of emotional distress due to Defendants' extreme and outrageous conduct toward Plaintiff.

### II. JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADEA.

This case assigned to District Judge_____Baker
and to Magistrate Judge_____Harris

---

4. This Complaint also alleges violations of Arkansas law which form part of the same case or controversy and arise out of a common nucleus of operative facts as the ADEA claim alleged in this Complaint.

5. The acts complained of herein were committed, and had their principal effect, within the Eastern District of Arkansas and Petit Jean Electric Cooperative Corporation's ("Petit Jean") principal place of business is within this District, therefore, venue is proper.

### III. THE PARTIES

6. Plaintiff is a citizen of the United States and a resident of and domiciled in the State of Arkansas. At all times relevant to the allegations in this Complaint, Plaintiff was employed by Petit Jean at its office in Clinton, Arkansas.

7. Petit Jean is an employer within the meanings set forth in the ADEA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

8. Michael Kirkland ("Kirkland") is a citizen of the United States and a resident of and domiciled in the State of Arkansas. At all times relevant to the allegations in this Complaint, he was the CEO of Petit Jean.

9. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the ADEA.

10. Petit Jean is a domestic electrical cooperative corporation headquartered and registered to do business in the state of Arkansas.

11. Petit Jean can be served through its registered agent for service, which is Michael Kirkland, located at 270 Quality Dr., Clinton, AR 72031.

12. Kirkland can be served via personal service at 270 Quality Dr., Clinton, AR 72031.

13. At all times relevant to this action, Petit Jean was an employer subject to the anti-discrimination provisions of the ADEA.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges each and every preceding paragraph of this Complaint as if set forth in this section.

15. Plaintiff is a resident and citizen of Van Buren County.

16. Plaintiff has been employed with Petit Jean for over 40 years and continues to be. Plaintiff is over 40 years of age. She started off as a computer programmer and when her boss retired, she was asked to become the IT manager.

17. Her job duties include, without limitation, providing IT services for Petit Jean as well as accounting, billing, operations, engineering, and fiber. Plaintiff has never had any disciplinary write-ups in all the time she has been employed with Petit Jean.

18. Plaintiff has been an exemplary employee evidenced by the fact that she has been in continuous employ with Petit Jean for over four decades. Plaintiff has enjoyed her employment with Petit Jean over the years and was proud to be an employee of Petit Jean. Unfortunately, her disposition has changed since Michael Kirkland ("Kirkland"), the new CEO of Petit Jean, began working for Petit Jean as he has subjected Plaintiff to not only a discriminatory work environment, but a toxic work environment overall.

19. On or about January 12, 2022, Plaintiff was summoned to Kirkland's office. She was told that her hours would be changing, her office would be changing, and that she needed to move by the end of the month.

20. On January 28, 2022, Plaintiff was summoned to Kirkland's office along with Plaintiff's direct supervisor. Kirkland started the conversation by informing Plaintiff that he was

four years old when Plaintiff had started her employment with Petit Jean. This was a backhanded way of telling Plaintiff that she was too old to be working for Petit Jean. The conversation proceeded with Kirkland going back and forth on changes he wanted made to Plaintiff's schedule as well as how she was to handle any overtime she may work. When Kirkland was finished explaining what he wanted, he asked Plaintiff if she had something to say, which she replied, "no" he then repeated the question several times until she relented and made a reply. This irritated Kirkland and he then proceeded to berate Plaintiff. He told Plaintiff she needed to get her paperwork in order (retirement paperwork). He made this comment several times during the conversation. Kirkland asked Plaintiff several times whether she saw which side of the desk he was sitting on and which side she was sitting on, adding that he was the boss and he could hire and fire anyone he wants. Kirkland informed Plaintiff that Petit Jean was not there for her and that there were other things that Plaintiff could be doing like working on the farm or playing with her grandchildren (again making reference to Plaintiff's age).

21.    The following Monday, January 31st, 2022, Plaintiff's job was posted on Petit Jean's website. Kirkland moved Plaintiff out of her department manager position in April of 2021.

22.    On March 16, 2022, Plaintiff's pay was reduced by Kirkland by $7.62/hr. Also, on or about that day, Kirkland told Plaintiff she should look at how she wants to end her career, whether she wanted to end it on a good note or not. On this occasion as well as several others, Kirkland insinuated that Plaintiff was too old to be working at Petit Jean and that she should prepare and submit her retirement papers or be terminated. Kirkland expressed to Plaintiff that he was taking Petit Jean to higher revenue levels and that he did not need anyone talking bad about him. Kirkland stated that he did not have to stay with Petit Jean, and he could get a job anywhere.

Plaintiff was taking notes on a notepad during this meeting and at one point Kirkland actually told Plaintiff to stop taking notes.

23.    Kirkland also told Plaintiff on multiple occasions that there were two ways to leave Petit Jean. Either with a party or without, again pressuring Plaintiff into retiring.

24.    In March of 2022, Plaintiff was having a conversation with Petit Jean's accountant. The accountant told Plaintiff that Kirkland was going to call Plaintiff into his office and the accountant thought Kirkland was going to fire Plaintiff. The accountant told Plaintiff that Plaintiff should just tell Kirkland that Plaintiff was going to retire. Plaintiff realized that the accountant was recording the conversation and decided to stop the discussion as quickly as she could.

25.    In April of 2022, Kirkland's assistant stopped in front of Plaintiff's door and loudly announced that Retirement and Savings information was out for anyone who wanted to know. She was staring directly at Plaintiff when she said it and this was odd as his assistant never makes announcements, at least not to where Plaintiff could hear.

26.    In May of 2022, Plaintiff's supervisor entered Plaintiff's office and told her that Kirkland wanted Plaintiff to keep her door open or it would be taken off the hinges. This was an issue as it is very loud outside of Plaintiff's door and the noise makes it difficult to concentrate.

27.    As a result of the age discrimination by Petit Jean, via its agent Kirkland, Plaintiff has suffered a negative employment decision in that her pay has been reduced by $7.62/hr. since March 16, 2022. This negative employment action continues to damage Plaintiff every day that the reduced wage persists.

28.    Additionally, Plaintiff has been subjected to a demotion and a toxic work environment furthering the damages she has suffered.

29.    Petit Jean's age discrimination against Plaintiff was willful.

38.     As more fully described above, Petit Jean committed its discrimination against Plaintiff through its agents and employees, namely its CEO, Michael Kirkland.

39.     At all relevant times, Plaintiff was a qualified individual protected by the ADEA and Petit Jean was an "employer" as that term is defined in the ADEA.

40.     No legitimate purpose exists for the negative employment action taken against Plaintiff. Petit Jean's discrimination was willful.

41.     As a result of Petit Jean's violations of the ADEA, Plaintiff seeks back pay, front pay, liquidated damages, injunctive relief, costs, attorney's fees, and any interest to which she is entitled.

## VI. SECOND CLAIM FOR RELIEF—OUTRAGE

42.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

43.     Plaintiff has been discriminated against based upon her age, primarily by Petit Jean's agent, Kirkland.

44.     In addition to the age discrimination that Plaintiff has had to endure, Plaintiff has been and continues to be subjected to extreme and outrageous harassment by Petit Jean and Kirkland.

45.     Petit Jean and Kirkland are intentionally attempting to inflict emotional distress upon Plaintiff or should have known that emotional distress was likely to result from this conduct.

46.     This conduct by Defendants has gone beyond all possible bounds of decency and is utterly intolerable in a civilized society.

47.     These actions by Defendants have caused Plaintiff severe emotional distress that no reasonable person could be expected to endure.

30.    Kirkland has caused his agents to monitor Plaintiff at all times while she is at work for Petit Jean. The constant stalking includes monitoring all of Plaintiff's activity on her computer as well as having someone follow her around the office when she leaves her desk. For example, Plaintiff is followed to the restroom, break room, and other departments in the building.

31.    This continued harassment by Kirkland has been extreme and outrageous. Kirkland is intentionally attempting to inflict emotional distress upon Plaintiff or should have known that emotional distress was likely to result from this conduct. This conduct by Kirkland has gone beyond all possible bounds of decency and is utterly intolerable in a civilized society. These actions by Kirkland have caused Plaintiff severe emotional distress that no reasonable person could be expected to endure.

## V. FIRST CLAIM FOR RELIEF – VIOLATION OF ADEA

32.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

33.    On May 10, 2022, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging violations of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621, *et seq.*) ("ADEA").

34.    More than sixty (60) days has passed since Plaintiff filed her charge with the EEOC.

35.    Plaintiff brings this action against Petit Jean under the ADEA.

36.    Petit Jean discriminated against Plaintiff at their workplace in Van Buren County with respect to her compensation, terms, conditions, and/or privileges of employment because of her age in violation of 29 U.S.C. § 623.

37.    Specifically, Petit Jean demoted Plaintiff and reduced her compensation by $7.62/hour.

48.    Plaintiff has suffered damages due to Defendants' action and should be awarded compensatory and punitive damages in an amount to be determined at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Janet Lauer respectfully prays that this matter be set for a jury trial, and upon a hearing and verdict thereon, respectfully requests this Court issue a Judgment declaring that Defendants are liable to Plaintiff for the tort of outrage and that Petit Jean did discriminate against Plaintiff due to her age in violation of the ADEA, that Plaintiff be awarded back pay, liquidated damages, compensatory damages, punitive damages, injunctive relief, costs, attorney's fee, and any interest to which she is entitled all in an amount to be established at trial, but in any event greater than that necessary to establish diversity jurisdiction.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Respectfully submitted,

Charles Darwin "Skip" Davidson; ABN 73026
Nickolas W. Dunn, ABN 2019115
**DAVIDSON LAW FIRM**
724 Garland, Cantrell at State
P.O. Box 1300
Little Rock, AR 72201
(501) 320-5132
Fax: (501) 374-5917
E-mail: skipd@dlf-ar.com
             nickd@dlf-ar.com

**ATTORNEYS FOR JANET LAUER,
PLAINTIFF**